Laura E. Rosenbaum, OSB No. 110061
laura.rosenbaum@stoel.com
Noah H. Morss, OSB No. 172845
noah.morss@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

      Attorneys for Kaiser Foundation
      Health Plan of the Northwest

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| EMILY CASTELLANOS,<br><br>        Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST; SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 49,<br><br>        Defendants. | Case No.: 6:22-CV-00149<br><br>**DEFENDANT KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

In response to the allegations in Plaintiff Emily Castellanos' ("Plaintiff") First Amended

Complaint, Defendant Kaiser Foundation Health Plan of the Northwest ("Kaiser") admits,

denies, and alleges as follows:

Page 1   -   **DEFENDANT KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST'S ANSWER AND AFFIRMATIVE DEFENSES**

## VENUE AND JURISDICTION

1.      In response to Paragraph 1, Kaiser lacks knowledge or information sufficient to admit or deny Plaintiff's current residence.  To the extent a response is required, Kaiser denies the allegations in Paragraph 1.

2.      In response to Paragraph 2, Kaiser admits that it is registered as an Oakland, California business and operates a North Lancaster Medical Office located in Marion County, Oregon.  Kaiser denies the remaining allegations in Paragraph 2.

3.      In response to Paragraph 3, Kaiser admits that Service Employees International Union Local 49 ("SEIU") is a labor union that represents some Kaiser employees who work at the North Lancaster Medical Office.  Kaiser lacks sufficient knowledge of SEIU's principal place of business, and therefore denies the associated allegation in Paragraph 3.  Kaiser denies the remaining allegations in Paragraph 3.

4.      In response to Paragraph 4, Kaiser admits that Plaintiff's employment occurred primarily in Marion County, Oregon.  Kaiser denies the remaining allegations in Paragraph 4.

5.      Paragraph 5 is a request for a jury trial, to which no response is required.

## FACTUAL ALLEGATIONS

6.      In response to Paragraph 6, Kaiser admits that Plaintiff worked for Kaiser as a part-time Licensed Practical Nurse beginning in 2016 and that she started working in the Urgent Care department at the North Lancaster location in or around 2018.  Kaiser admits that Plaintiff's employment with Kaiser ended on or around October 17, 2020.  Kaiser denies the remaining allegations in Paragraph 6.

112839212.2 0056250-00171

7.      In response to Paragraph 7, Kaiser admits that SEIU and Kaiser are parties to a Collective Bargaining Agreement ("CBA") effective October 1, 2019, through September 30, 2023.  Kaiser denies the remaining allegations in Paragraph 7.

8.      In response to Paragraph 8, Kaiser asserts that the CBA speaks for itself and is the best evidence of its contents.  By way of further answer, Kaiser states that Paragraph 8 accurately quotes selected portions of Section 49.1 of the CBA, but does not capture the full content of that section.

9.      In response to Paragraph 9, Kaiser lacks knowledge sufficient to admit or deny Plaintiff's SEIU membership and on that basis denies it.

10.      Kaiser denies the allegations in Paragraph 10.

11.      Kaiser denies the allegations in Paragraph 11.

12.      Kaiser denies the allegations in Paragraph 12.

13.      Kaiser denies the allegations in Paragraph 13.

14.      Kaiser denies the allegations in Paragraph 14.

15.      Kaiser denies the allegations in Paragraph 15.

16.      Kaiser denies the allegations in Paragraph 16.

17.      In response to Paragraph 17, Kaiser admits that on or around October 4, 2020, Kaiser informed Plaintiff that she was being called into a joint discovery meeting with Kaiser and her union to discuss performance issues.  Except as expressly admitted, Kaiser denies the allegations in Paragraph 17.

18.      Paragraph 18 is a denial by Plaintiff regarding instructions given to her by Kaiser, which requires no response.  To the extent a response is required, Kaiser denies the allegations in Paragraph 18.

Page 3   -   **DEFENDANT KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST'S ANSWER AND AFFIRMATIVE DEFENSES**

19.     Paragraph 19 contains a quotation without identifying the source.  Accordingly, Kaiser lacks knowledge sufficient to admit or deny the accuracy of the quotation in Paragraph 19.  To the extent a response is required, Kaiser denies the language as stated in Paragraph 19.

20.     In response to Paragraph 20, Kaiser admits that it terminated Plaintiff's employment because it determined that Plaintiff had violated Kaiser's Fraud, Waste, and Abuse policy; Kaiser's Principles of Responsibility; and Oregon Nursing Standards.  Except as expressly admitted, Kaiser denies the allegations in Paragraph 20.

21.     In response to Paragraph 21, Kaiser admits that on or around October 17, 2020, Kaiser met with Plaintiff and her union to conduct a joint discovery meeting.  Kaiser further admits that following the joint discovery process, Kaiser terminated Plaintiff's employment. Except as expressly admitted, Kaiser denies the allegations in Paragraph 21.

22.     Kaiser denies the allegations in Paragraph 22.

23.     Kaiser denies the allegations in Paragraph 23.

24.     Kaiser denies the allegations in Paragraph 24.

25.     Kaiser denies the allegations in Paragraph 25.

26.     Kaiser denies the allegations in Paragraph 26.

27.     Kaiser lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 27 and on that basis, Kaiser denies them.

28.     Kaiser lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 28 and on that basis, Kaiser denies them.

29.     Kaiser lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29 and on that basis, Kaiser denies them.

30.    In response to Paragraph 30, Kaiser's Ambulatory COVID-19 Screening and Guidance document speaks for itself and is the best evidence of its contents.  To the extent Plaintiff misquotes the document, Kaiser denies the allegations in Paragraph 30.  By way of further answer, Kaiser denies the cited document applied to Plaintiff's conduct.

31.    Kaiser denies the allegations in Paragraph 31.

32.    In response to Paragraph 32, Kaiser admits Plaintiff filed a grievance that went through Step Three of the grievance process.  Kaiser denies the remaining allegations pertaining to Kaiser in Paragraph 32.  To the extent the allegations in Paragraph 32 are against SEIU, no response from Kaiser is required.

33.    Kaiser denies the allegations in Paragraph 33.

34.    Kaiser denies the allegations in Paragraph 34.

35.    Kaiser denies the allegations in Paragraph 35.

## FIRST CAUSE OF ACTION – VIOLATION OF ORS 659A.199

### WHISTLEBLOWER RETALIATION

#### (Kaiser)

36.    In response to Paragraph 36, Kaiser incorporates and re-alleges its responses in paragraphs 1 through 35 above.

37.    Paragraph 37 is a legal conclusion to which no response is required.  To the extent a response is deemed required, Kaiser denies the allegations.

38.    Kaiser denies the allegations in Paragraph 38.

39.    Kaiser denies the allegations in Paragraph 39.

40.    Kaiser denies the allegations in Paragraph 40.

## SECOND CAUSE OF ACTION – VIOLATION OF ORS 659A.203

### WHISTLEBLOWER RETALIATION

#### (Kaiser)

41.     In response to Paragraph 41, Kaiser incorporates and re-alleges its responses in paragraphs 1 through 40 above.

42.     Paragraph 42 is a legal conclusion to which no response is required.  To the extent a response is deemed required, Kaiser denies the allegations.

43.     Kaiser denies the allegations in Paragraph 43.

44.     Kaiser denies the allegations in Paragraph 44.

## THIRD CAUSE OF ACTION – VIOLATION OF ORS 441.183

### NURSING STAFF RETALIATION

#### (Kaiser)

45.     In response to Paragraph 45, Kaiser incorporates and re-alleges its responses in paragraphs 1 through 44 above.

46.     Paragraph 46 is a legal conclusion to which no response is required.  To the extent a response is deemed required, Kaiser denies the allegations.

47.     Kaiser denies the allegations in Paragraph 47.

48.     Kaiser denies the allegations in Paragraph 48.

49.     Kaiser denies the allegations in Paragraph 49.

## FOURTH CAUSE OF ACTION – BREACH OF CONTRACT

#### (Kaiser)

50.     In response to Paragraph 50, Kaiser incorporates and re-alleges its responses in paragraphs 1 through 49 above.

Page 6    -    **DEFENDANT KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST'S ANSWER AND AFFIRMATIVE DEFENSES**

112839212.2 0056250-00171

51.     In response to Paragraph 51, the CBA speaks for itself and is the best evidence of its contents.  To the extent Plaintiff misquotes the document, Kaiser denies the allegations in Paragraph 51.

52.     Kaiser denies the allegations in Paragraph 52.

53.     Kaiser denies the allegations in Paragraph 53.

54.     In response to Paragraph 54, Kaiser states that the gross misconduct policy speaks for itself.  To the extent Plaintiff misquotes the document, Kaiser denies the allegations in Paragraph 54.

55.     Kaiser denies the allegations in Paragraph 55.

56.     Kaiser denies the allegations in Paragraph 56.

57.     Kaiser denies the allegations in Paragraph 57.

58.     In response to Paragraph 58, Kaiser's Ambulatory COVID-19 Screening and Guidance document speaks for itself and is the best evidence of its contents.  To the extent Plaintiff misquotes the document, Kaiser denies the allegations in Paragraph 58.  By way of further answer, Kaiser denies the cited document applied to Plaintiff's conduct.

59.     Kaiser denies the allegations in Paragraph 59.

60.     Kaiser denies the allegations in Paragraph 60.

61.     Kaiser denies the allegations in Paragraph 61.

62.     Kaiser denies the allegations in Paragraph 62.

## FIFTH CAUSE OF ACTION – WRONGFUL TERMINATION

### (Kaiser)

63.     In response to Paragraph 63, Kaiser incorporates and re-alleges its responses in paragraphs 1 through 62 above.

Page 7   -   **DEFENDANT KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST'S ANSWER AND AFFIRMATIVE DEFENSES**

64.    Kaiser denies the allegations in Paragraph 64.

65.    Kaiser denies the allegations in Paragraph 65.

## SIXTH CAUSE OF ACTION – BREACH OF DUTY OF FAIR REPRESENTATION

### (SEIU)

66.    Paragraphs 66 through 74 apply solely to SEIU and do not require a response from Kaiser.  To the extent a response is deemed required, Kaiser denies the allegations.

Except as expressly admitted above, Kaiser denies each and every allegation in Plaintiff's First Amended Complaint and the whole thereof.

### AFFIRMATIVE DEFENSES

Without assuming Plaintiff's burden of proof as to any claim or issue, Kaiser asserts the following Affirmative Defenses, incorporating and re-alleging responses above, and specifically reserving its right to amend this Answer and raise additional Affirmative Defenses as the case proceeds:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

67.    Plaintiff fails to state ultimate facts sufficient to state a claim upon which relief can be granted, in whole or in part.

## SECOND AFFIRMATIVE DEFENSE

### (Good-Faith Efforts; Not Willful)

68.    Any alleged damages, including punitive damages, are inappropriate or barred because Kaiser made good-faith efforts to comply with applicable law.

## THIRD AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Reason)

69.     Without assuming Plaintiff's burden, Kaiser states that the decisions made and actions taken of which Plaintiff complains were based solely on legitimate, non-discriminatory, and non-retaliatory business considerations.

## FOURTH AFFIRMATIVE DEFENSE

### (Reasonable Care/Failure to Report)

70.     Kaiser exercised reasonable care to prevent illegal discrimination or retaliation in the workplace.  Plaintiff unreasonably failed to take advantage of corrective opportunities provided.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

71.     Plaintiff has failed to mitigate her alleged damages, if any, in whole or in part. Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings, remunerations, profits, and benefits received by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Preemption)

72.     As an employee of Kaiser, Plaintiff was subject to a CBA.  The resolution of Plaintiff's claims implicates and will require interpretation of the CBA.  Plaintiff's claims are preempted, in whole or in part, by Section 301 of the Labor Management Relations Act.

## SEVENTH AFFIRMATIVE DEFENSE

### (Damages Cap)

73.     Without conceding that Plaintiff is entitled to any damages, Plaintiff's claim for noneconomic damages is capped by ORS 31.710.

Page 9    -    **DEFENDANT KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST'S ANSWER AND AFFIRMATIVE DEFENSES**

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

74.    Plaintiff failed, in whole or in part, to exhaust her remedies available under the CBA that controlled her employment.

### PRAYER FOR RELIEF

WHEREFORE, Kaiser prays for judgment as follows:

(a)    Dismissing all of Plaintiff's claims with prejudice;

(b)    Awarding Kaiser its costs, disbursements, and attorney fees in defending this action; and

(c)    For such other relief as deemed just and equitable.

 DATED:  January 27, 2022.

STOEL RIVES LLP


/s/ Laura E. Rosenbaum
LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
NOAH H. MORSS, OSB No. 172845
noah.morss@yahoo.com
Telephone:  503.224.3380

Attorneys for Kaiser Foundation Health Plan
  of the Northwest

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT KAISER FOUNDATION**

**HEALTH PLAN OF THE NORTHWEST'S ANSWER AND AFFIRMATIVE**

**DEFENSES** on the following named person(s) on the date indicated below by

☒    mailing with postage prepaid

☐    hand delivery

☐    facsimile transmission

☐    overnight delivery

☒    email

☒    notice of electronic filing using the Cm/ECF system

to said person(s) a true copy thereof, and if by mail, contained in a sealed envelope, addressed to

said person(s) at his or her last-known address(es) indicated below.

> Marcus I. Vejar
> Amanda L. Reilly
> Lafky & Lafky
> 429 Court St. NE
> Salem, OR 97301
> mvejar@lafky.com
> areilly@lafky.com

DATED:  January 27, 2022.

STOEL RIVES LLP


/s/ *Laura E. Rosenbaum*
LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
NOAH H. MORSS, OSB No. 172845
noah.morss@stoel.com

Attorneys for Defendant